IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                                CRIMINAL 09-0208 (GAG)

[28] EMMANUEL TORRES-RAMOS,

Defendant

OPINION AND ORDER

The defendant Emmanuel Torres-Ramos is charged in a 56-defendant, 46-page indictment.  Count one charges that the defendant and other persons, did knowingly and intentionally conspire, combine, confederate and agree with each other and diverse other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is, to possess with intent to distribute one kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance; 50 grams or more of cocaine base, a Schedule II Narcotic Drug Controlled Substance; five kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance; and a measurable amount of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance; within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, Jardines de Campo Rico and Monte Hatillo Public Housing Projects, or of a Head Start Program Center, that is, the Puerto Rico

CRIMINAL 09-0208 (GAG)                  2

Family Institute.  All in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 860.  The defendant is described as a runner within the enterprise who also carried firearms in furtherance of the conspiracy.  Along with four corresponding aiding and abetting substantive counts, the defendant is also charged with conspiracy to possess firearms during and in relation to a narcotics trafficking offense, in violation of 18 U.S.C. § 924(o).  Finally, he is charged with participating in a conspiracy to interfere with commerce by threats or violence, that is by obtaining weekly payments from North Construction Groups with consent induced by the wrongful use of force, violence or fear, including fear of economic loss, in violation of 18 U.S.C. § 1851(a).

On October 28, 2010, the defendant filed a motion under Federal Rule of Civil Procedure 16 for specific discovery.  (Docket No. 1128.)  He requests that the government produce the photo-spread used by North Construction personnel to identify the defendant and/or the photos presented to witnesses who identified the defendant as a participant in the events charged.  He also requests copies of all relevant 302's (reports of investigation) regarding the defendant's alleged participation in the events charged and/or identification by witnesses and/or reference made to him.  The defendant notes that the government denied his request for this information and informed him that there was no photo spread shown to North Construction personnel but that rather they identified the persons

CRIMINAL 09-0208 (GAG)                3

that attended "the meeting(s)" from the photos in the employee applications, and that they "kept the files of the 'employees' part of the extortion separate from all the others."  The defendant argues that the method of identification was for all practical purposes a photo spread line up, and that he has a good faith basis to challenge this identification, so that the government's denial is definitely prejudicial to his defense and is fundamentally unfair.

## PRE-TRIAL IDENTIFICATION

"Evidence of pre-trial identification may be subject to constitutional limitations under the Due Process Clause." United States v. Watson, 76 F.3d 4, 6 (1st Cir. 1996) (citing Manson v. Brathwaite, 432 U.S. 98 (1977)).  The claim that an identification procedure has been so unduly prejudicial as to taint a conviction and deny a defendant due process of law must be evaluated in light of the totality of the surrounding circumstances. See Simmons v. United States, 390 U.S. 377, 383 (1968) (citing Stovall v. Denno, 388 U.S. 293, 302 (1967)).  In this circuit, before determining whether evidence of a pre-trial identification should be suppressed, a two-pronged analysis is required. United States v. Watson, 76 F.3d at 6 (citing United States v. de Jesús-Ríos, 990 F.2d 672, 677 (1st Cir. 1993)). The court must first decide whether the identification procedure itself was impermissibly suggestive. Id.; United States v. Maguire, 918 F.2d 254, 263 (1st Cir. 1990).  Then the court must decide whether the identification itself was

CRIMINAL 09-0208 (GAG)                4

reliable under the totality of the circumstances, notwithstanding the suggestive procedure. Id.; see United States v. Oreto, 37 F.3d 739, 745 (1st Cir. 1994); see, e.g., United States v. Gray, 958 F.2d 9, 13-14 (1st Cir. 1992).  Finally, before suppression of identification evidence, the "'court must be persuaded that there was a very substantial likelihood of irreparable misidentification,' and only in extraordinary circumstances should identification evidence be withheld from the jury." United States v. Watson, 76 F.3d at 6 (quoting United States v. de Jesús-Ríos, 990 F.2d at 677).

   As in United States v. Oreto, this is not a case in which a marginal identification, for example, by a witness who only glimpses the perpetrator of a crime, has been bolstered by an improperly suggestive identification procedure.  Indeed, the identification came not from a government-created photo spread but from a file cabinet of employment records in possession of an employer. According to the government, the defendant has had ample opportunity to examine and copy his employment file with the aid of an expert.  There is no evidence or information from which I can reasonably conclude that the pre-trial identification process was unreasonably suggestive or that the defendant will suffer prejudice when such information is viewed under the focal lens of the Due Process Clause.  See, e.g., United States v. DeLeo, 422 F.2d 487, 497-98 (1st Cir. 1970.)   Furthermore, the defendant has not made a sufficient showing that he

CRIMINAL 09-0208 (GAG)                          5

is entitled to an evidentiary hearing for the court to determine whether the pre-trial identification process was fatally tainted.

## FBI REPORTS OF INVESTIGATION

The defendant requests copies of all relevant 302's regarding his alleged participation in the events charged and/or identification by witnesses and/or reference made to him.  A reading of Rule 16(a)(1)(A) to (G), Federal Rules of Criminal Procedure, does not reflect that the defendant is entitled to such discovery at this stage if at all.  Contrariwise, Rule 16(a)(2) announces that the documents requested by the defendant are not subject to disclosure.  Specifically, the rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  See United States v. Ortiz-García, 553 F. Supp. 2d 119, 120 (D.P.R. 2008); United States v. Safavian, 233 F.R.D. 12, 15-16 (D.D.C. 2005.) Asking for information related to his identification by witnesses is a veiled request for the names of witnesses who have related his participation in relevant inculpatory events. That request is denied. See generally United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978); United States v. Panzardi-Álvarez, 646 F. Supp. 1158, 1160 (D.P.R. 1986).   Furthermore, as the government notes, the type of

CRIMINAL 09-0208 (GAG)                6

disclosure requested would result in a risk to the security of confidential informants as well as victims.

The United States has an on-going obligation to comply with discovery requests as information is made known to it, except where 3500 material is involved and not overridden by Brady v. Maryland, 373 U.S. 83 (1963) considerations.  See United States v. Safavian, 233 F.R.D. at 16.  The United States is also aware of its obligation in preparation for production of statements under 18 U.S.C. § 3500 if applicable.  See, e.g., United States v. Rosich Bachs, 119 F. Supp. 2d 52, 52-53 (D.P.R. 2000.)

The motion for specific Rule 16 discovery is denied.

SO ORDERED.

At San Juan, Puerto Rico, this 9th day of November, 2010.

                              S/ JUSTO ARENAS
                    Chief United States Magistrate Judge